UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

D-31, JASON JOSEPH COOK,

Defendant.
_____/

Criminal No. 2:11-cr-20129

Honorable Robert H. Cleland

**PRELIMINARY ORDER OF FORFEITURE**

Pursuant to 21 U.S.C. § 853 and Fed.R.Crim.P. 32.2, and based upon Defendant Jason Joseph Cook's guilty plea to violating 21 U.S.C. §§ 846, 841(a)(1) as alleged in Count Three of the Third Superseding Indictment, the contents of his Rule 11 Plea Agreement, the Government's Application for Entry of Preliminary Order of Forfeiture, and other information in the record, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Defendant Jason Joseph Cook ("Defendant") shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of his violation of 21 U.S.C. §§ 846, 841(a)(1), and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of Defendant's violation of 21 U.S.C. §§ 846, 841(a)(1) including, but not limited to, the following:

    (a)    One US Balance 1000 Digital Scale, seized on or about June 8, 2012 (1B Item 1195);

    (b)    One Leather Devil's Diciples vest with miscellaneous Devil's Diciples patches and cotton hooded parka, seized on or about June 8, 2012 (1B Item 1217);

    (c)    One set brass knuckles, seized on or about June 8, 2012 (1B Item 1218);

    (d)    Activ .12 Shotgun Shell (one total), seized on or about June 8, 2012 (1B Item 1214);

    (e)    One Bag of Miscellaneous Rounds of Ammunition (six total), seized on or about June 8, 2012 (1B Item 1215); and

    (f)    JC Higgins Sawed Off Shotgun, Model 583, 12 gauge, seized on or about June 8, 2012 (1B Item 1213)

(hereinafter collectively referred to as the "Subject Property").

2.    The Subject Property **IS HEREBY FORFEITED** to the United States for disposition in accordance with the law, and any right, title or interest of Defendant in such property **IS HEREBY AND FOREVER EXTINGUISHED**.

3.    Based upon the information and agreements contained in Defendant's Rule 11 Plea Agreement, and other information in the record, there is a sufficient nexus between the Subject Property and Defendant's Title 21 offense.

4.    This Order shall become effective and final as to Defendant immediately upon being entered by the Court.

5.    The forfeiture of the Subject Property shall be made part of Defendant's sentence and included in Defendant's Judgment, and this Preliminary

Order of Forfeiture shall be incorporated by reference in the Judgment.

6. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

7. Pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct on www.forfeiture.gov for at least thirty (30) consecutive days. Said notice shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Property, may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Pursuant to 21 U.S.C. § 853(n), any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and

the relief sought. Pursuant to 21 U.S.C. § 853(n), the United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.

8. The United States is hereby authorized, pursuant to 21 U.S.C. § 853(n) and Federal Rules of Criminal Procedure 32.2 (c), to conduct any discovery in the ancillary proceeding in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is proper and desirable.

9. Pursuant to 21 U.S.C. § 853(n), following the Court's disposition of any petitions for ancillary hearing, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third party petitions, the United States shall have clear title to the Subject Property, all other interests in the Subject Property shall be FORFEITED to the United States, this Order shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall be authorized to dispose of the Subject Property as prescribed by law.

10. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

Dated: FEB - 4 2016

HONORABLE ROBERT H. CLELAND
United States District Judge