**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 11-20129

JASON JOSEPH COOK,

        Defendant.

_____/

### OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE AND APPOINT COUNSEL

Defendant Jason Joseph Cook pleaded guilty to conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances, 21 U.S.C. § 841(a)(1), (b)(1)(A). (ECF No. 1865, PageID.28918.) On May 24, 2016, the court sentenced him to 216 months imprisonment. (*Id.*, PageID.28919.)

Defendant has filed a motion to reduce sentence and appoint counsel. (ECF No. 2591.) He argues that the health risks presented by the Coronavirus Disease ("COVID-19") while incarcerated at FCI Butner justify his immediate release. The government has filed a response. (ECF No. 2601.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, Defendant's motion will be denied.

The federal compassionate release statute has "three substantive requirements." *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). First, the court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Second, the sentencing factors

provided under 18 U.S.C. § 3553(a) must weigh in favor of a sentence reduction. Third, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

A motion requesting a prisoner's compassionate release may be filed either by the Bureau of Prisons ("BOP") or by the prisoner himself. 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit held in *United States v. Jones*, 980 F.3d 1098, 1110-11 (6th Cir. 2020), that when a prisoner moves for compassionate release himself there is no "applicable policy statement[] issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Thus, when a prisoner moves for compassionate release, the requirement in § 3582(c)(1)(A) that a sentence reduction be "consistent with [a] policy statement[]" does not apply, and courts are to ignore it. *Jones*, 980 F.3d at 1111; *accord United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). To obtain compassionate release, a prisoner must nevertheless present "extraordinary and compelling" circumstances and must have § 3553(a)'s sentencing factors that weigh in his favor. 18 U.S.C. § 3582(c)(1)(A); *see Jones*, 980 F.3d at 1108, 1111 (holding that a court has "full discretion to define 'extraordinary and compelling'" and must also "determine whether, in its discretion, [a] reduction . . . is warranted" under § 3553(a)).

Defendant's circumstances are not extraordinary or compelling. 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). Courts have interpreted "extraordinary" in the context of compassionate release as

2

"beyond what is usual, customary, regular, or common," and a "'compelling reason" as "one so great that irreparable harm or injustice would result if the relief is not granted." *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (Leitman, J.); *United States v. Murphy*, Case No. 15-20411, 2020 WL 2507619, at *5 (E.D. Mich. May 15, 2020) (Cox, J.). A district court's findings as to extraordinary and compelling circumstances are reviewed for abuse of discretion. *See Elias*, 984 F.3d at 520-21.

On February 19, 2021, the BOP administered a first dose of the Pfizer COVID-19 vaccine to Defendant. (ECF No. 2602-3, PageID.44331.) The BOP gave Defendant the second dose on March 11, 2021. (*Id.*) Available scientific evidence demonstrates that the vaccine from Pfizer is extraordinarily effective at reducing the risk of COVID-19 infection. *See*, *e.g.*, *Comparing the COVID-19 Vaccines: How Are They Different?*, Yale Medicine, https://www.yalemedicine.org/news/covid-19-vaccine-comparison (last visited April 14, 2021) (stating that the Pfizer vaccine is 95% effective at preventing COVID-19); Mark G. Thompson et al., *Interim Estimates of Vaccine Effectiveness* (2021) (finding that mRNA vaccines, such as the Pfizer vaccine, are 90% effective at preventing both asymptomatic and symptomatic COVID-19 infections); *Pfizer and BioNTech Confirm High Efficacy and No Serious Safety Concerns*, Business Wire, https://www.businesswire.com/news/home/20210401005365/en/ (last visited April 14, 2021) (describing a Pfizer study which found that its vaccine was "100% effective in preventing severe disease as defined by the U.S. Centers for Disease Control"). The court is aware of no scientifically derived evidence showing that there is a material risk of severe complications or death from COVID-19 to fully vaccinated individuals. The

remote possibility that Defendant could contract COVID-19 and develop life-threatening symptoms does not warrant the extraordinary remedy of compassionate release. 18 U.S.C. § 3582(c)(1)(A).

Defendant also moves for the appointment of counsel. (ECF No. 2591, PageID.43694.) On the face of Defendant's motion to reduce sentence, he is not entitled to relief. Appointment of counsel would not change the result of the motion to reduce sentence, and Defendant's request for appointment of counsel will be denied. Accordingly,

IT IS ORDERED that Defendant's Motion to Reduce Sentence and Appoint Counsel (ECF No. 2591) is DENIED.

s/Robert H. Cleland                              /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 23, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 23, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner                                     /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\11-20129.COOK.MotiontoReduceSentenceandAppointCounsel.RMK.docx