**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                  Case No. 11-20129

JASON JOSEPH COOK,

        Defendant.
_____/

## OPINION AND ORDER DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant Jason Joseph Cook pleaded guilty to conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances, 21 U.S.C. § 841(a)(1), (b)(1)(A). (ECF No. 1865, PageID.28918.) On May 24, 2016, the court sentenced him to 216 months imprisonment. (*Id.*, PageID.28919.)

On February 22, 2021, Defendant filed a motion to reduce sentence and to appoint counsel. (ECF No. 2591.) He argued that the health risks presented by the Coronavirus Disease ("COVID-19") while incarcerated at FCI Butner justified his immediate release.

On April 23, 2021, the court denied the motion. (ECF No. 2603.) The court noted that Defendant has received both doses of the Pfizer COVID-19 vaccine. (*Id.*, PageID.44362.) It reasoned that the "remote possibility that Defendant could contract COVID-19 and develop life-threatening symptoms" despite his vaccination did not warrant the extraordinary remedy of compassionate release. (*Id.*, PageID.44362-63.)

On April 30, 2021, Defendant filed a "Motion for Reconsideration" of the court's April 23 opinion. (ECF No. 2607.) He argues that the court's denial of his motion to reduce sentence was improper. (*Id.*, PageID.44387-88.)

To prevail on a motion for reconsideration, there must be a "palpable defect" that "misled" the court. E.D Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (Borman, J.). "[C]orrecting the defect" must also "result in a different disposition of the case." E.D Mich. L.R. 7.1(h)(3). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.*; *see also Hence v. Smith*, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999) (Gadola, J.).

Defendant fails to identify a "palpable defect" by which the court was "misled" in its April 23 opinion. E.D Mich. L.R. 7.1(h)(3). He does not specifically dispute the court's reasoning in the opinion, nor does he object to the extensive body of evidence indicating that the Pfizer vaccine is exceptionally effective at reducing the risk of COVID-19. *See*, *e.g.*, *Pfizer-BioNTech COVID-19 Vaccine Overview and Safety*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last visited May 19, 2021) (noting that in clinical trials Pfizer vaccine was "95% effective at preventing laboratory-confirmed COVID-19 illness in people without evidence of previous infection"); Mark G. Thompson et al., *Interim Estimates of Vaccine Effectiveness* (2021) (finding that mRNA vaccines, such as the Pfizer vaccine, are 90% effective at preventing both asymptomatic and symptomatic COVID-19 infections); *Pfizer and BioNTech Confirm*

*High Efficacy and No Serious Safety Concerns*, Business Wire, https://www.businesswire.com/news/home/20210401005365/en/ (last visited May 19, 2021) (describing a Pfizer study which found that its vaccine was "100% effective in preventing severe disease as defined by the U.S. Centers for Disease Control").

Instead, Defendant notes that, despite receiving the Pfizer vaccine, he still *could* be infected by the COVID-19 virus and that that he is not "free [of] . . . risks." (ECF No. 2607, PageID.44395.) In addition, he claims that a new variant of COVID-19 *could* in the future undermine the vaccine's effectiveness and that the vaccine *could* become less protective over time. (*Id.*, PageID.44395-97.) Thus, notwithstanding the overwhelming scientific evidence currently available that the Pfizer vaccine substantially reduces, if not entirely eliminates, the risk of serious illness from COVID-19, Centers for Disease Control and Prevention, *supra*, Thompson et al., *supra*, Business Wire, *supra*, Defendant asks that the court immediately release him from prison based on speculation that the vaccine may at some point time become ineffective.

To release Defendant, court would need to guess whether FCI Butner in the future will experience an outbreak of COVID-19, prison officials will fail to contain the disease, he will contract the disease despite his receipt of the Pfizer vaccine, no other future medical treatment or product will protect him from the disease, and he will experience life-threatening symptoms. Furthermore, the court would need to guess whether he would have less risk of infection, and greater access to monitoring and quality medical care, if he were released into free society. Such remote and unsubstantiated possibilities of harm do not justify compassionate release, 18 U.S.C. §

3

3582(c)(1)(A), and certainly do not qualify as a "palpable defect" by which the court was "misled" in its April 23 opinion. E.D Mich. L.R. 7.1(h)(3). Accordingly,

IT IS ORDERED that Defendant's "Motion for Reconsideration" (ECF No. 2607) is DENIED.

s/Robert H. Cleland    /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: May 20, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 20, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner    /<br>
Case Manager and Deputy Clerk<br>
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\11-20129.COOK.MotionforReconsideration.RMK.docx