UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Criminal Case No. 11-20129

JASON JOSEPH COOK,                          Sean F. Cox
                                                            United States District Court Judge
    Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT COOK'S REQUEST FOR APPOINTMENT OF COUNSEL**
**AND HIS MOTION FOR COMPASSIONATE RELEASE**

In this Criminal Case, Defendant Jason Joseph Cook ("Cook") pleaded guilty to conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances, 21 U.S.C. § 841(a)(1), (b)(1)(A). The Honorable Robert H. Cleland sentenced Cook to 216 months of imprisonment and Cook is currently serving that sentence. Cook has previously moved for compassionate release, and the appointment of counsel, which were denied by Judge Cleland. Now, after the reassignment of this case to the undersigned judge, the matter is before this Court on another motion for compassionate release and request for the appointment of counsel. For the reasons that follow, the Court denies Cook's request for the appointment of counsel and denies his motion seeking compassionate release.

**BACKGROUND**

In this Criminal Case, Defendant Cook pleaded guilty to conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances, 21 U.S.C. § 841(a)(1), (b)(1)(A). On May 24, 2016, Judge Cleland sentenced Cook to 216 months of imprisonment and

1

Cook is currently serving that sentence.

On February 22, 2021, Cook filed a motion seeking compassionate release under 18 U.S.C. § 3582, arguing that the health risks associated with Coronavirus ("COVID-19") warranted his release from prison. Judge Cleland denied that motion in an Opinion and Order issued on April 23, 2021, concluding that Cook had not established extraordinary and compelling circumstances warranting his release. (ECF No. 2603). He also denied Cook's motion seeking the appointment of counsel.

Cook filed a motion seeking reconsideration of Judge Cleland's rulings, and Judge Cleland denied that motion in an Opinion and Order issued on May 20, 2021. (ECF No. 2608).

On September 15, 2022, Cook filed another motion seeking compassionate release and the appointment of counsel. (ECF No. 2638). In this motion, Cook asserts that he has "discover[ed] several more extraordinary and compelling reasons for this Honorable Court's consideration." (*Id*. at 2). He states that his "father and his father's ailing wife are both in serious health decline and need Cook to come home and help provide medical aid as their at home Caregiver." (*Id*). Cook also asserts that his efforts toward rehabilitation weigh in favor of his release.

The Government concedes that Cook has satisfied the statutory exhaustion requirement but opposes the motion on the merits.

Cook filed two additional briefs in support of his motion. (ECF Nos. 2650 & 2651).

The motion has been fully briefed. On November 3, 2022, Judge Cleland issued a notice advising that the motion would be determined without oral argument.

On September 28, 2023, this action was reassigned to the undersigned judge, following

Judge Cleland's retirement.

## ANALYSIS

**I. The Court Denies Cook's Request For Appointment Of Counsel.**

The Sixth Amendment secures to a criminal defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). The United States Supreme Court had held that a prisoner's post-conviction right to counsel extends only to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Thus, the decision whether to appoint counsel for Defendant Cook for purposes of filing or assisting with a motion for compassionate release is a decision within the sound discretion of a district court. *United States v. Stephens,* 2020 WL 3250226 at *2 (E.D. Mich. June 16, 2020).

Motions for Compassionate Release are not complex, either legally or factually, and Cook has shown that he is capable of drafting his own motion. Accordingly, the Court denies Defendant Cook's request for the appointment of counsel.

**II. The Court Denies Cook's Motion For Compassionate Release.**

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020). As summarized by the Sixth Circuit:

> Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)). Currently, no policy statement applies where a defendant (as

> opposed to the Bureau of Prisons) files a motion seeking a sentence reduction (sometimes known in our case law as "compassionate release"). *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). A district court, therefore, must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id*. at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

*United States v. McKinnie,* 24 F.4th 583 (6th Cir. 2022).

Defendant Cook's motion asserts that he should be released so that he can spend time with, and help care for, his parents, who he claims have medical issues. While unfortunate, hardships in being unable to spend time with family members because of a defendant being incarcerated are not unique or extraordinary. As thoughtfully articulated by the district court, albeit in a different context, in *Cameron*:

> [A] trial judge never sentences just the defendant. Invariably, the imposition of a sentence profoundly affects an entire family and often an entire community. The loss by incarceration of a breadwinner, a spouse, a parent, a child, an employee, a friend and the rippling of this loss into other relatives and into the community are among the most regrettable consequences of crime ... Yet, each person who commits a serious crime accepts the risk of conviction and incarceration and the trouble he will visit upon himself, and his family, friends, and community . . .

*United States v. Cameron*, 756 F.Supp.2d 148, 153-54 (D. Me. 2010). This Court concludes that Defendant Cooks's claimed family circumstances, even when considered along with his efforts toward rehabilitation, do not warrant compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant Cook's request for the

appointment of counsel, and his motion seeking compassionate release, are **DENIED.**

    **IT IS SO ORDERED.**

                                                                           s/Sean F. Cox
                                                                           Sean F. Cox
                                                                           United States District Judge

Dated: October 24, 2023